UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES T. WHATTON, | CIVIL DIVISION |
| Plaintiff, | Case No.   2:22-cv-453 |
| v. | |
| CREWS CONTRACTING, LLC and THOMAS CREWS, | |
| Defendants. | |

**COMPLAINT AND JURY DEMAND**

A.   *Preliminary statement*

1. The plaintiff Charles T. Whatton brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recover unpaid overtime wages, lost wages due to retaliatory termination of employment and other relief.  Because of the violations described herein, this Court is also empowered to exercise pendant jurisdiction pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. C.S § 333.01 *et seq.*  A jury trial is demanded.

B.   *Jurisdiction and venue*

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and under the doctrine of pendant jurisdiction. Venue is proper under 28 U.S.C. § 1391.

C.   *The parties*

3. The plaintiff is an adult individual who resides at 725 Fellsburg Road, Rostraver PA 15012 (Westmoreland County).

4.  The defendant Crews Contracting, LLC ("Crews Contracting"), is an entity doing business in the Commonwealth of Pennsylvania, and, specifically, in this district. This defendant maintains its business at 806 Selby Way, Pittsburgh, PA 15203 (Allegheny County).

5.  Crews Contracting provides residential and commercial contracting services, including project management, construction and renovation.

6.  At all times material, Crews Contracting was an employer covered by the FLSA and the PMWA.

7.  The defendant Thomas Crews ("Crews") is an adult individual who resides within this district. Crews is an owner and principal of Crews. Crews exercises substantial control of the terms and conditions of the work of the employees of Crews Contracting. For example, he manages the work of the employees, and exercises direct control over the terms and conditions of the employees' employment, including determining the wages they are paid, the hours that they work (i.e., their schedules) and their job duties and responsibilities. He also formulates, executes and maintains the policies and procedures for the business and its employees. He also is responsible for the hiring, discipline and firing of employees.

8.  At all times relevant, Crews Contracting acted by and through its agents, servants and employees, each of whom acted, at all times relevant, in the scope of their employment with and for the benefit of Crews Contracting.

D.  ***Factual background***

9.  Crews Contracting hired the plaintiff as a carpenter on or about April 2, 2020. Crews terminated the plaintiff's employment on October 27, 2021 in retaliation for the plaintiff raising issues about not being paid properly for overtime work.

10. The plaintiff's duties as carpenter included: framing structures from the ground up, installing kitchens, bathrooms and flooring and doing other carpentry work as assigned by Crews or a project manager.

11. The plaintiff was a non-exempt employee. He did not have any management responsibilities and did not manage, perform scheduling, or oversee the work of employees or any other management functions. He had no authority regarding the hiring, termination or evaluation of employees and did not perform supervisory functions. He did not make decisions for Crews Contracting related to operating its businesses, such as entering into binding contracts, managing the affairs of the company or any fiscal matters. As detailed above, the plaintiff's job duties consist of manual labor.

12. At all times material, Crews Contracting agreed to pay the plaintiff an hourly wage based upon the number of hours he worked and was obligated to record in a proper, accurate and complete fashion all time worked. Specifically, the hourly wage that Crews Contracting agreed to pay the plaintiff was $48.00. Further, Crews Contracting was obligated to pay the plaintiff 1.5 times his hourly rate ($72.00) for all hours worked in excess of 40 hours per week.

13. In 2020 Crews Contracting paid the plaintiff in cash for overtime hours worked at his straight hourly rate, not at time-and-a-half. When the plaintiff questioned Crews about this policy, Crews told him that paying cash for hours over 40 was "better for everybody because I don't have to pay taxes on it and you don't either."

14. Beginning in approximately January 2021, Crews Contracting no longer paid the plaintiff in cash for hours worked in a week in excess of 40. Instead, the wages were paid on a straight time basis and included in his payroll checks.

15. Notably, the payroll checks that the plaintiff received never detailed the hours that the plaintiff worked; instead, the amount paid was reflected as "Salary" and varied pay check to pay check based on the hours he worked. In other words, the plaintiff was not paid on a salary basis (as evidenced by the fluctuating amount he was paid); this category was used merely to hide the fact that he was a non-exempt employee being paid by the hour.

16. From time to time, the plaintiff worked overtime hours between 2020 through his termination.

17. As a non-exempt employee, the plaintiff should have received overtime pay, calculated at the rate of $72.00 per hour for all hours worked in excess of 40 hours per week.

18. Instead, the plaintiff received wages for the overtime work at the rate of $48.00 an hour, leaving an unpaid difference of $24.00 an hour that he should have been, but was not, paid.

19. The defendants willfully failed and refused to pay the plaintiff the required overtime compensation for hours worked in excess of 40 hours per workweek.

20. On October 27, 2021, the plaintiff was working at a job site when Crews stopped by to check on the status and to assign the plaintiff tasks to complete. The plaintiff told Crews that he and the other workers should be receiving overtime pay because they had been working long days to meet the deadlines that Crews personally gave them.

21. Crews responded, "You already get paid too much." He asked the plaintiff if he had spoken to any of the co-workers about overtime pay. When the plaintiff told him that he had not discussed it with co-workers and that he wanted to bring the issue to Crews' attention first, Crews said, "If you do discuss this with anyone else, I will fire you."

22. The plaintiff asked, "Isn't it the law to pay hourly employees overtime pay?" Crews got angry and said, "Maybe I should give you a couple of weeks off so that you can think about finding another job."

23. Realizing that Crews was threatening his employment, the plaintiff said, "No, just forget it, sorry for bringing it up."

24. The plaintiff ended up working past 7 pm that day to complete the job that Crews wanted done, which included finishing a wooden fence. The plaintiff sent a text message notifying Crews that the job was done. Crews responded angrily saying that he never told the plaintiff to build the fence and that the plaintiff was defying him.

25. Crews then terminated the plaintiff's employment claiming that he had been insubordinate.

26. The reason given by Crews for the plaintiff's termination was merely a pretext. Crews terminated the plaintiff's employment in retaliation for the plaintiff's complaints about not receiving overtime pay.

## FIRST CAUSE OF ACTION

27. The preceding paragraphs are incorporated herein by reference as if they were set forth at length.

28. At all times relevant, the defendants were "employers" within the meaning of the FLSA.

29. At all times relevant, the plaintiff was an "employee" within the meaning of the FLSA.

30. The FLSA requires covered employers, such as the defendants, to compensate their "non-exempt" employees, such as the plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works in excess of 40 hours in a workweek.

31. The plaintiff was a non-exempt employee.

32. The defendants knew that the plaintiff was a non-exempt employee within the meaning of the FLSA. Although the plaintiff was being paid by the hour, he did not receive time-and-a-half for hours worked in excess of 40 in any given week.

33. The defendants willfully failed and refused to pay the plaintiff 1.5 times his regular rate of pay for each hour that he worked over 40 each workweek.

34. As a result of the defendants' willful failure to pay the plaintiff overtime compensation due him, the defendants violated the FLSA and caused the plaintiff to suffer damages in the form of unpaid overtime compensation.

35. Crews is personally liable under the FLSA because he was personally involved with the day-to-day operation of the Crews Contracting, including being responsible for the terms and conditions of employment for the plaintiff, including his compensation, scheduling and work duties. Crews was also responsible for instituting, maintaining, executing and perpetuating the unlawful payroll practices described above.

36. The defendants knew that the plaintiff should have been treated and paid as a non-exempt employee, and, accordingly, they acted willfully, intentionally and in reckless disregard of the provisions of the FLSA.

## SECOND CAUSE OF ACTION

37. The preceding paragraphs are incorporated herein by reference as if they were set forth at length.

38. At all times relevant, the defendants were, and continue to be, "employers" within the meaning of the PMWA.

39. At all times relevant, the plaintiff was an "employee" within the meaning of the PMWA.

40. The PMWA requires covered employers, such as the defendants, to compensate their "non-exempt" employees, such as the plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works in excess of 40 hours in a workweek.

41. The plaintiff was a non-exempt employee.

42. The defendants knew that the plaintiff was a non-exempt employee within the meaning of the PMWA. Although the plaintiff was being paid by the hour, he did not receive time-and-a-half for hours worked in excess of 40 in any given week.

43. The defendants willfully failed and refused to pay the plaintiff 1.5 times his regular rate of pay for each hour that he worked over 40 each workweek.

44. As a result of the defendants' willful failure to pay the plaintiff overtime compensation due him, the defendants violated the PMWA and caused the plaintiff to suffer damages in the form of unpaid overtime compensation.

45. Crews is personally liable under the PMWA because he was personally involved with the day-to-day operation of Crews Contracting, including being responsible for the terms and conditions of employment for the plaintiff, including his compensation, scheduling and work duties. Crews was also responsible for instituting, maintaining, executing and perpetuating the unlawful payroll practices described above

46. The defendants knew that the plaintiff should have been treated and paid as a non-exempt employee, and, accordingly, they acted willfully, intentionally and in reckless disregard of the provisions of the PMWA.

### THIRD CAUSE OF ACTION

47. The preceding paragraphs are incorporated herein by reference as if they were set forth at length.

48. The plaintiff engaged in statutorily protected conduct under the FLSA by raising the issue of being compensated for overtime work in good faith and complaining about not being paid time-and-a-half for overtime hours worked.

49. The defendants terminated the plaintiff's employment in retaliation for engaging in statutorily protected conduct under the FLSA.

50. Crews is personally liable under the FLSA because he was personally involved with the day-to-day operation of the Crews Contracting, including being responsible for the terms and conditions of employment for the plaintiff, including his compensation, scheduling and work duties.  Crews was also responsible for instituting, maintaining, executing and perpetuating the unlawful payroll practices described above.  Finally, he made the decision to terminate the plaintiff's employment in retaliation for engaging in statutorily protected conduct under the FLSA.

51. As a result of the defendants' retaliatory conduct, the defendants violated the FLSA and caused the plaintiff to suffer damages in the form of lost wages that he would have earned but for his wrongful termination.

**FOURTH CAUSE OF ACTION**

52. The preceding paragraphs are incorporated herein by reference as if they were set forth at length.

53. The plaintiff engaged in statutorily protected conduct under the PMWA by raising the issue of being compensated for overtime work in good faith and complaining about not being paid time-and-a-half for overtime hours worked.

54. The defendants terminated the plaintiff's employment in retaliation for engaging in statutorily protected conduct under the PMWA.

55. Crews is personally liable under the PMWA because he was personally involved with the day-to-day operation of the Crews Contracting, including being responsible for the terms and conditions of employment for the plaintiff, including his compensation, scheduling and work duties. Crews was also responsible for instituting, maintaining, executing and perpetuating the unlawful payroll practices described above. Finally, he made the decision to terminate the plaintiff's employment in retaliation for engaging in statutorily protected conduct under the PMWA.

56. As a result of the defendants' retaliatory conduct, the defendants violated the PMWA and caused the plaintiff to suffer damages in the form of lost wages that he would have earned but for his wrongful termination.

WHEREFORE, the plaintiff respectfully requests judgment be entered in his favor and against the defendants and that the defendants be required to provide all appropriate remedies under the FLSA and the PMWA, including unpaid wages due to the intentional, knowing and reckless employment practices of the defendants, back pay, front pay, liquidated damages,

compensatory damages, interest, attorney's fees and costs and any other relief provided under the statutes and/or as the court deems appropriate, just and proper.

                Respectfully submitted,

                */s/ Michael J. Bruzzese*
                Michael J. Bruzzese
                Pa. I.D. No. 63306
                220 Koppers Building
                436 Seventh Avenue
                Pittsburgh, PA 15219
                (412) 281-8676
                Counsel for the plaintiff

Dated:  March 16, 2022